UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Cory Daniel Mullen,

          Petitioner,      Case No. 20-12116

v.                                Judith E. Levy
                                United States District Judge

Willis Chapman,
                                Mag. Judge Patricia T. Morris

          Respondent.

_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS [1], DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, & DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Cory Daniel Mullen filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently confined at the Macomb Correctional Facility in New Haven, Michigan. He challenges his conviction for first-degree premeditated murder, Mich. Comp. Laws § 750.316(1)(a), and possession of a firearm during the commission of a felony ("felony-firearm"), Mich. Comp. Laws § 750.227b. (ECF No. 1.)

For the reasons that follow, the petition for writ of habeas corpus is DENIED WITH PREJUDICE. A certificate of appealability and leave to proceed without prepayment of fees on appeal are also DENIED.

I. Background

Petitioner was convicted following a jury trial in Oakland County Circuit Court. This Court recites verbatim the relevant facts regarding Petitioner's conviction from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1).

> This case arises out of the death of defendant's girlfriend. Testimony at trial revealed that the victim had been abused by defendant and was attempting to leave him. The victim was shot six times while seated in the driver's seat of her vehicle. Defendant admitted that he was seated in the passenger's seat of the vehicle at the time of the victim's death. Defendant also admitted that he had brought a gun to the vehicle, but claimed that he intended to use the gun to commit suicide. Defendant testified that the victim grabbed the gun from him and accidentally shot herself. According to defendant, he was so distraught by the victim's death that he shot her another five times out of anger. Nonetheless, defendant left the vehicle without calling for any emergency help. Defendant attempted to flee our state by bus, but was apprehended at a bus station.
>
> After he was arrested and charged, defendant claimed an insanity defense. Defendant submitted to three separate

psychiatric examinations at the Center for Forensic Psychiatry. Three psychiatrists—Dr. George Daigle, Dr. Richard Rickman, and Dr. Ann Zaborney—opined that defendant was competent to stand trial. The trial court granted defendant's motion for an independent psychiatric examination, and defendant's independent expert, Dr. Gerald Shiener, opined that defendant was not competent to stand trial. Nevertheless, the trial court found that defendant was competent to stand trial, relying on the other three examinations.

The prosecution requested one final psychiatric examination pertaining to the issue of criminal responsibility, which the trial court granted. Dr. Jack Haynes—another psychiatrist from the Center for Forensic Psychiatry—met with defendant in the Oakland County Jail to perform the examination. Upon learning of Dr. Haynes's reason for meeting with him, defendant grew angry and stated that he would not talk to Dr. Haynes. Dr. Haynes clarified with defendant that defendant was not willing to talk to him. While Dr. Haynes was speaking, defendant's agitation increased, and he verbally threatened Dr. Haynes. As a result, Dr. Haynes could not complete the examination. Due to defendant's noncompliance, the prosecution moved to preclude defendant from presenting an insanity defense. The trial court granted the motion and defendant was ultimately convicted of first-degree premeditated murder and felony-firearm.

*People v. Mullen*, No. 341165, 2019 WL 1780631, at *1 (Mich. Ct. App. Apr. 23, 2019).

Following his conviction and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals, arguing that "the trial court abused its discretion by not allowing him to meet with Dr. Haynes for a second time to complete his psychiatric evaluation." *Id.* That court denied relief on those claims and affirmed his convictions. *Id.* Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Mullen*, 504 Mich. 959 (2019). Petitioner subsequently filed his federal habeas petition on August 5, 2020. (ECF No. 1.)

Petitioner seeks a writ of habeas corpus on the following ground:

The trial judge abused his discretion by refusing to provide Mr. Mullen another opportunity to speak with Dr. Haynes prior to striking Mr. Mullen's insanity defense.

(*Id.* at PageID.5.)

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), sets forth the standard of review for habeas cases. To obtain relief, habeas petitioners who raise claims previously adjudicated by state courts must show that the state court adjudication "resulted in a decision that was contrary to, or involved an

4

unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.'" 28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite [to theirs]." *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410–11.

The AEDPA "imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting

5

*Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, to obtain habeas relief in federal court, a state prisoner is required to show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103. A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton*, 578 U.S. 113, 118–19 (2016).

**III. Discussion**

Petitioner argues that "[t]he trial court abused its discretion by refusing to provide Mr. Mullen another opportunity to speak with Dr. Haynes prior to striking Mr. Mullen's insanity defense." (ECF No. 1, PageID.5.)

6

A. **The Michigan Court of Appeal's decision**

The Michigan Court of Appeals rejected Petitioner's argument. *Mullen*, 2019 WL 1780631, at *2–3. First, the court noted that Mich. Comp. Laws § 768.20a(4) "bars a defendant from presenting testimony relating to his insanity if he fails to cooperate with a psychological evaluation." *Id.* at *3. The court further found that Petitioner "failed to cooperate with three psychological evaluations," as he "feigned insanity" twice and threatened an examiner.[1] *Id.* The court found that Petitioner's "three failed attempts to cooperate with his psychological examinations were more than sufficient for the trial court to bar him from presenting an insanity defense." *Id.*

Second, the court rejected Petitioner's argument that "the trial court should have permitted him one final opportunity to cooperate with a psychiatric examination" and that *People v. Hayes*, 421 Mich. 271 (1984) "directs such a result." *Id.* In *People v. Hayes*, the Michigan

---

[1] According to the Michigan Court of Appeals, Petitioner had "cooperated with the examinations performed by Dr. Zaborney and Dr. Shiener; however, Dr. Rickman and Dr. Daigle reported that defendant interfered with their assessments by repeatedly attempting to falsify and exaggerate the severity of his mental illness." *Mullen*, 2019 WL 1780631, at *3. Additionally, Petitioner "became angry with Dr. Haynes," "refused to speak with him," and threatened him. *Id.*

7

Supreme Court "affirmed the trial court's order precluding the defendant from presenting an insanity defense after the defendant failed to cooperate with [three previous examinations]." *Mullen*, 2019 WL 1780631, at *2–3 (citing *Hayes*, 421 Mich. at 288). The court stated that the *Hayes* outcome did not "require trial courts to grant defendants additional opportunities to cooperate" and, instead entrusted that decision to the trial court, which is reviewed on appeal using an "abuse of discretion" standard. *Mullen*, 2019 WL 1780631, at *2–3. The court determined that the trial court did not abuse its discretion in determining that Petitioner could not get another examination as the trial court's decision fell within one of several reasonable and principled outcomes. *Id*.

Third, the court ruled against Petitioner's argument that the denial of an additional opportunity for an evaluation with Dr. Haynes "deprive[d] him of the right to present a defense. *Id*. The court stated that, "[the Michigan] Supreme Court has already addressed this question and has concluded that the procedure set forth in MCL 768.20a(4) do 'not unconstitutionally infringe on a defendant's right to present a defense.'" *Id*. (quoting *Hayes*, 421 Mich. at 283). Finally, it ruled that Petitioner

8

"relinquished any right to present an insanity defense" when he failed to cooperate with the examinations. *Id.*

### B. The Michigan Court of Appeals' decision was reasonable.

The Michigan Court of Appeals' decision was reasonable, which precludes habeas relief.

A criminal defendant has the right to present his or her own witnesses to establish a defense. *Washington v. Texas*, 388 U.S. 14, 19 (1967). "This right is a fundamental element of the due process of law." *Id.* However, an accused in a criminal case "does not have an unfettered right to offer evidence that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Montana v. Egelhoff*, 518 U.S. 37, 42 (1996) (quoting *Taylor v. Illinois*, 484 U.S. 400, 410 (1988)). The Supreme Court, in fact, has indicated its "traditional reluctance to impose constitutional constraints on ordinary evidentiary rulings by state trial courts." *Crane v. Kentucky*, 476 U.S. 683, 689 (1986). The Supreme Court stated that the Constitution gives trial court judges "wide latitude" to exclude evidence that is repetitive, marginally relevant, or poses a risk of harassment, prejudice, or confusion of the issues. *Id.* (quoting *Delaware v. Van Arsdall,* 475 U.S. 673, 679 (1986)).

Moreover, under the standard of review for habeas cases as enunciated in § 2254(d)(1), it is not enough for a habeas petitioner to show that the state trial court's decision to exclude potentially helpful evidence to the defense was erroneous or incorrect. Instead, a habeas petitioner must show that the state trial court's decision to exclude the evidence was "an objectively unreasonable application of clearly established Supreme Court precedent." *See Rockwell v. Yukins*, 341 F.3d 507, 511–12 (6th Cir. 2003).

The Supreme Court has "repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). State courts are the "ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). "What is essential to establish an element [of a crime], like the question whether a given element is necessary, is a question of state law," of which federal habeas review is not available. *Sanford v. Yukins*, 288 F.3d 855, 862 (6th Cir. 2002) (quoting *Bates v. McCaughtry*, 934 F.2d 99, 103 (7th Cir. 1991)). Likewise, "[d]ue process does not require that a defendant be permitted to present any defense he chooses. Rather, states are allowed

10

to define the elements of, and defenses to, state crimes." *Lakin v. Stine*, 80 F. App'x 368, 373 (6th Cir. 2003) (citing *Apprendi v. New Jersey*, 530 U.S. 466, 484–87 (2000); *McMillan v. Pennsylvania*, 477 U.S. 79, 84–86 (1986)). The circumstances under which a criminal defense may be asserted is thus a question of state law. *Id.*

Mich. Comp. Laws § 768.20a(4) bars a defendant from presenting testimony relating to his insanity on the issue of criminal responsibility if he or she fails to cooperate with a psychological evaluation. Michigan law thus precludes a criminal defendant from raising an insanity defense if he or she refuses to submit to a psychological evaluation or cooperate with the examiner, as Petitioner did in this case.

"[The Supreme Court] ha[s] not said that the Constitution requires the States to recognize the insanity defense." *Medina v. California*, 505 U.S. 437, 449 (1992) (citing *Powell v. Texas*, 392 U.S. 514, 536–37 (1968)). Because there is no federal constitutional right to present an insanity defense, the Court is bound by the Michigan courts' decisions interpreting the scope and limitations of Michigan law on the affirmative defense of insanity. In the absence of any clearly established federal constitutional right to present an insanity defense at a state trial, the

11

trial judge's decision to bar Petitioner from presenting an insanity defense would not entitle him to habeas relief.

Finally, the Court notes that Petitioner did not only refuse to cooperate with Dr. Haynes. He also refused to cooperate with two other doctors who sought to evaluate his mental status. There is no clearly established Supreme Court law mandating that a petitioner be given multiple opportunities to be evaluated for his sanity.

In *Ake v. Oklahoma*, 470 U.S. 68, 83 (1985), the Supreme Court held that when an indigent defendant "demonstrates to the trial judge that his sanity at the time [of the commission] of the offense is to be a significant factor at trial," the state must assure a criminal defendant access to "a competent psychiatrist who will conduct an appropriate examination and assist in the evaluation, preparation, and presentation of the defense."

"By its own terms, *Ake* 'limit[ed] the right [it] recognize[d]' to 'provision of *one* competent psychiatrist.'" *Leavitt v. Arave*, 646 F.3d 605, 610 (9th Cir. 2011) (quoting *Ake*, 470 U.S. at 79) (emphasis added). In light of this "unambiguous language," the Ninth Circuit held that a defendant "'lacks the right to appointment of a second psychiatrist,' even

12

where the first psychiatrist is alleged to be incompetent or reaches a diagnosis unfavorable to the defense." *Id.* (quoting *Pawlyk v. Wood*, 248 F.3d 815, 824 (9th Cir. 2001) and citing *Harris v. Vasquez*, 949 F.2d 1497, 1516–17 (9th Cir. 1990)). The Supreme Court has never "held that a trial court violated *Ake* by refusing to appoint a second, let alone third, mental health expert." *Id.*

Other circuits have reached similar conclusions. *See Allen v. Mullin*, 368 F.3d 1220, 1236–38 (10th Cir. 2004) (ruling that a state trial court's refusal to appoint neuropsychologist to assist petitioner during competency trial did not violate due process because the court appointed an expert, and every witness who testified at the competency trial opined that petitioner was competent); *Granviel v. Lynaugh*, 881 F.2d 185, 191 (5th Cir. 1989) (holding that *Ake* did not require appointment of an additional psychiatrist); *Martin v. Wainwright*, 770 F.2d 918, 934 (11th Cir. 1985) (*Ake* did not require appointment of a second neurologist), *modified on denial of rehearing by* 781 F.2d 185 (11th Cir. 1986).

The Sixth Circuit has not addressed whether a state court is required under *Ake* to appoint additional psychiatric experts to evaluate a defendant after the trial court has already appointed an expert to

13

evaluate the defendant's mental state. However, in *Fautenberry v. Mitchell*, 572 F.3d 267 (6th Cir. 2009), the Sixth Circuit held that the district court did not err in denying a state homicide defendant's motion, made pursuant to 18 U.S.C. § 3599f, to appoint a neuropsychologist to assist the defendant in the preparation of his state clemency petition. The Sixth Circuit made this determination because the defendant had previously been examined by a neuropsychologist, and he did not show that the previous examination was incomplete, outdated, or unreliable. *Id.* at 269–71.

Likewise, in *United States v. Clark*, 385 F.3d 609 (6th Cir. 2004), the Sixth Circuit held that the district court did not abuse its discretion in refusing to authorize an additional psychological evaluation of an indigent defendant by a defense expert whose preliminary report agreed with that of the prison psychologist that the defendant was competent to stand trial. The Sixth Circuit relied on the fact that the defense expert was only speculating that further examination of the defendant might provide relevant information about the voluntariness of the defendant's post-arrest statement to the FBI. *Id.* at 617–18. The Sixth Circuit reasoned that because the district court already had a report from the

14

prison psychologist which stated that the defendant had no illness or cognitive deficit that would have hindered his ability to give a voluntary statement, the district court reasonably concluded that the defense expert's services were not necessary to challenge the admissibility of the defendant's statements. *Id.*

Finally, in *Matlock v. Rose*, 731 F.2d 1236 (6th Cir. 1984), the Sixth Circuit held that a state trial court's refusal to provide a habeas petitioner with an additional psychiatric, neurological, and physical examination at the government's expense did not deprive the petitioner of a fair trial. Although the petitioner's sole defense was insanity, there was little, if any, evidence which suggested that the petitioner's sanity was in doubt. *Id.* at 1244.

*Ake* does not require the appointment of more than one expert to evaluate a defendant's mental state. The trial judge's refusal to grant Petitioner a second opportunity to speak with Dr. Haynes, after Petitioner had refused to cooperate with him and two other doctors, was not contrary to clearly established Supreme Court precedent. Thus, Petitioner is not entitled to habeas relief.

15

## IV. Conclusion

Petitioner's writ of habeas corpus is DENIED.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. In this case, jurists of reason could not find the Court's ruling debatable as Petitioner failed to make a substantial showing of the denial of a federal constitutional right. Accordingly, the Court DENIES a certificate of appealability.

16

An appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court DENIES Petitioner leave to proceed without prepayment of fees on appeal.

**IT IS SO ORDERED.**

Dated: November 29, 2023       s/Judith E. Levy
    Ann Arbor, Michigan        JUDITH E. LEVY
                                   United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 29, 2023.

                                         s/William Barkholz
                                         WILLIAM BARKHOLZ
                                         Case Manager